*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHERI J. EGGETT,

        Plaintiff-Appellant,

v

MONTMORENCY COUNTY CLERK,

        Defendant-Appellee.

UNPUBLISHED
August 18, 2025
11:41 AM

No. 373156
Montmorency Circuit Court
LC No. 2024-005566-CH

Before: REDFORD, P.J., and RIORDAN and BAZZI, JJ.

PER CURIAM.

On October 10, 2024, plaintiff, Cheri J. Eggett, filed suit seeking mandamus to bar defendant, the Montmorency County Clerk, from counting votes for Linsey Rogers for the offices of county treasurer and board member for the Atlanta Community Schools in the November 5, 2024 general election. This case was filed 65 days after the primary election, 26 days before the general election, and at a time after absentee ballots had already begun to be circulated to voters. The trial court dismissed the case under the doctrine of laches. Plaintiff appeals as of right the trial court's order dismissing the case, arguing that laches did not bar her claim and that Rogers was disqualified because she ran for incompatible offices. Because plaintiff's claim was barred under the doctrine of laches, we affirm.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In 2024, plaintiff was the incumbent county treasurer in Montmorency County, Michigan. She sought reelection in the August primary but lost. She then ran as a write-in candidate in the general election.

In August 2024, Rogers won the primary election to be the republican party nominee for Montmorency County Treasurer in the general election. In the same election cycle, Rogers also sought placement on the ballot as a candidate for board member of the Atlanta Community Schools in Atlanta, Michigan.

On September 4 and 11, 2024, the Montmorency County Election Commission approved the ballots for the November 5, 2024 general election. Rogers was on the ballot as a candidate for

Montmorency County Treasurer, as well as a candidate for Atlanta Community Schools Board Member. Thereafter, ballots for the general election were printed and distributed to local clerks.

On October 10, 2024, plaintiff brought an action against the Montmorency County Clerk to order the clerk to disqualify Rogers and void all votes for Rogers on the grounds that school board member and county treasurer were incompatible offices under MCL 168.558(5). At the time plaintiff brought this action, absentee voting was already underway and early voting was to begin on October 26, 2024. Because plaintiff brought her action less than 28 days before the general election, the circuit court denied her complaint for a writ of mandamus on the grounds that it was barred by laches under MCL 691.1031. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred by barring her claim under laches. We disagree.

Laches is an equitable defense that a defendant may invoke when a plaintiff's delay in asserting a legal right prejudices the defendant. See *Knight v Northpointe Bank*, 300 Mich App 109, 115; 832 NW2d 439 (2013). At the time plaintiff's complaint was dismissed, MCL 691.1031 provided a rebuttable presumption of laches in certain election actions as follows:

> In all civil actions brought in any circuit court of this state affecting elections, dates of elections, candidates, qualifications of candidates, ballots or questions on ballots, there shall be a rebuttable presumption of laches if the action is commenced less than 28 days prior to the date of the election affected. This section shall not apply to actions brought after the date of the affected election. [MCL 691.1031, as enacted 1969 PA 161.][1]

Plaintiff brought her action under MCL 168.558(5), which provides as follows:

> If petitions or filing fees are filed by or on behalf of a candidate for more than 1 office, either federal, state, county, city, village, township, metropolitan district, or school district, the terms of which run concurrently or overlap, the candidate so filing, or on behalf of whom petitions or fees were so filed, shall select the 1 office to which his or her candidacy is restricted within 3 days after the last day for the filing of petitions or filing fees unless the petitions or filing fees are filed for 2 offices that are combined or for offices that are not incompatible. Failure to make the selection disqualifies a candidate with respect to each office for which petitions or fees were so filed and the name of the candidate must not be printed upon the ballot for those offices. A vote cast for that candidate at the ensuing primary or general election must not be counted and is void.

---

[1] MCL 691.1031 was amended in 2024 with an effective date of April 2, 2025, to increase the period to 45 days. 2024 PA 222.

Plain and clear statutory language must be enforced as written.  *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012).

Plaintiff sought relief under the Michigan Election Law, MCL 168.1 *et seq*.; and she sought to have Rogers disqualified and all votes for Rogers to be void.  Her action is therefore an action that affects the November 5, 2024 election.  Plaintiff brought her action on October 10, 2024, which was 26 days before the November 5, 2024 election.  The rebuttable presumption of laches, therefore, applied to plaintiff's claim, and plaintiff did not rebut the presumption.  Even though plaintiff attempted to argue that MCL 691.1031 did not apply to her claim because she was bringing her action under MCL 168.558(5), the plain language of MCL 691.1031 clearly states that the rebuttable presumption of laches applies to "*all* civil actions . . . affecting elections" (emphasis added).  It is also not relevant that the relief plaintiff seeks would be granted after the election because MCL 691.1031 makes no such exception.  Therefore, the trial court did not err in dismissing plaintiff's complaint under the doctrine of laches.[2]

Affirmed.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Mariam S. Bazzi

---

[2] Because we conclude the trial court properly dismissed plaintiff's claim under the doctrine of laches, we need not address the additional argument plaintiff raised on appeal.